Henry vs. Blackburn.

---

## HENRY VS. BLACKBURN.

32 445
61 52

1. **ATTORNEY AD LITEM.**

  An attorney appointed by the court to defend for a defendant constructively summoned, may file a demurrer to the complaint, without its having the effect of entering the defendant's appearance in the cause.

2. **CHANCERY PRACTICE:** *On failure of defendant constructively served to answer.*

  The former practice of taking decrees *pro confesso* against a defendant served by publication and failing to appear, is not permissible under the present statute. It is the duty of the court to see that the complaint shows a cause of action within its jurisdiction.

3. ———: *Demurrer, when not proper; defect corrected by rule, etc.*

A bill seeking to subject land to the payment of a debt, should particularly describe it, so the court may lay hold of it in rendering a decree; but a defect in the description is no ground of demurrer, the court should order the bill to be amended. Nor is the failure to exhibit a copy of the defendant's deed a ground of demurrer, the court should require it to be filed by rule.

4. MARRIED WOMAN: *Charge upon her separate estate; when implicit.*

When a married woman contracts for the improvement and preservation of her separate estate, it will be implied that she contracts upon the faith of the estate, and intends to create a charge upon it.

5. ———: SAME: *How estate applied, etc.*

When the separate estate yields rents that can be applied to the payment of a charge upon it, the court will not have the *corpus* of the estate sold to satisfy the charge, but will decree payment out of the rents and ofits.

APPEAL from *Desha* Circuit Court in Chancery.

Hon. J. A. WILLIAMS, Circuit Judge.

*Weatherford,* for appellant.

*Pindalls, contra.*

ENGLISH, CH. J.:

On the 7th of December, 1875, Patrick Henry filed a bill on the Chancery side of the Circuit Court of Desha County against L. P. Blackburn and Julia Blackburn, his wife, alleging:

"That defendant, L. P. Blackburn, is the legal owner in trust, and defendant Julia Blackburn, his wife, is the beneficial owner, under a deed of conveyance dated the ——— day of ———, 1870, of a certain plantation in Desha County, Arkansas, containing about 467 acres, situated near Laconia, within what is known as the circle levee. That it, together with the other improved lands within said circle, is greatly benefitted and protected by said levee; to construct, protect and repair which large sums of money have from time to time been expended by the respective owners of said lands. That within a year or two last past, a considerable portion of said levee, a short distance below Laconia,

has been greatly endangered by the caving of the bank of the Mississippi river, threatening great injury to the lands within said circle, including those of defendants; to prevent which and to construct an inner line of levee, for greater security, the property owners in said circle agreed in November, 1874, to assess the property of each other within said circle, and each to pay his or their assessment; and complainant was appointed the agent of all to lay off and superintend the work, employ the hands, make the necessary purchases, and generally to do and perform in their behalf whatever was requisite to its completion; of which said assessments the sum proportioned to the property of said defendants was $266, and damages for expense of bringing suit and interest. That he duly notified the said Julia of the facts as above stated, and she approved the same, and promised that she and her said trustee would pay it, and requested complainant to proceed with the work as above agreed upon, which he accordingly did, and completed said levee as described within the time agreed upon. And in their behalf, and as their agent, he necessarily laid out and expended large sums of his own money, the pro rata portion of which due from defendants was the sum stated above. That said L. P. Blackburn was aware of, and assented to all that was done in the premises, and since the said levee was completed, promised the complainant to pay him the said sums, but has so far wholly failed to do so, and the same remains now due and unpaid, with interest from the 1st day of February, 1875. That no compensation was made him for said work, but that he used his credit and time and skill in their behalf and for the general good. That both defendants are non-residents of the State of Arkansas, and he has no means of compelling them to answer. That the expenditure was and is greatly beneficial to said property, but that being the property of a *femme covert*, he is advised that he is without adequate remedy except in a court of equity jurisdiction.

"He prays that attachment issue and the property of said defendants be attached, and they required to answer fully all the allegations herein, and without reserve. That a decree be rendered in his behalf, and, unless paid within a time to be stated, that their property be sold in satisfaction thereof, and for general relief."

Plaintiff filed an affidavit, and executed a bond, such as are required in ordinary actions at law, by attachment, and the clerk issued a writ of attachment, which the sheriff levied on the land. The defendants were warned by publication, and L. A. Pindall, Esq., appointed attorney *ad litem* to represent them.

At the March Term, 1876, the attorney *ad litem*, on leave of the court, filed the following demurrer to the bill:

Comes L. A. Pindall, an attorney appointed by this court, to represent said defendants in this action, and without entering the appearance of said defendants hereto, but upon his own motion as such appointed attorney, demurs to the complaint in this cause, and for cause assigns the following reasons:

"*First*—There is no equity in said complaint.

"*Second*—The facts alleged do not constitute a cause of chancery jurisdiction.

"*Third*—The facts as stated do not constitute a cause of action.

L. A. PINDALL,
*Attorney of Desha County Bar.*"

Plaintiff moved to strike the demurrer from the files, the court overruled the motion, sustained the demurrer, and, plaintiff resting, dismissed the bill for want of equity, and plaintiff appealed.

*First*—The statute provides that before judgment is rendered against a defendant constructively summoned, and who has not appeared, it shall be necessary that an attorney be appointed, at least sixty days before the judgment is rendered, to defend for

him, and inform him of the action, and of such other matters as may be useful to him in preparing his defense. That the attorney, as appointed, may take any step in the progress of the action, except filing an answer, without it having the effect of entering the appearance of such defendant. Gantt's Digest, sec. 4727.

Mr. Newman, commenting upon a similar statute of Kentucky, says: An attorney so appointed cannot file an answer or allege new matter constituting a defense, counter claim, set off, or cross-petition. New. Plead. & Prac., 568.

The attorney is appointed to protect the interest of the absent defendant, and not to give the court jurisdiction of his person. *Thomas* v. *Mahone*, 9 Bush, 125.

As the statute does not prohibit it, we can see no good reason why the attorney may not be permitted to enter a demurrer to the complaint, as it is not an *answer*, and would not be an appearance for the absent defendant, when filed by virtue of his appointment only, as in this case. It might at least serve as a suggestion to the court that it had no jurisdiction of the subject matter of the suit, or that the complaint failed to show a cause of action. This the attorney might do orally, without filing a written demurrer. But if done in neither mode it would nevertheless be the duty of the court, before rendering a judgment or decree condemning the property of the absent defendant, to see that there was a cause of action, within its jurisdiction, disclosed by the complaint.

The former practice of taking decrees *pro confesso* against defendants served by publication, and failing to appear, is not permissible under the present statute. Gantt's Digest, sec. 2746.

The court is obliged to see that the plaintiff has proven such allegations of the complaint as the statute requires him to prove; and, in so doing, the court would necessarily have to know what

the allegations were, and would render no decree upon a bad complaint.

So, if the attorney *ad litem* had interposed no demurrer, or been refused leave to demur, in this case, the court below should have dismissed the bill for want of equity, if the plaintiff made no case for relief, or could make none by amending the bill.

*Second*—The bill describes the land as "a certain plantation in Desha County, etc., containing about 467 acres, situated near Laconia, within what is known as the circle levee."

When a bill seeks to charge land with the payment of a debt, it should be more particularly described, so that the court may lay hold of it, in rendering its decree. *Williams et al.* v. *Ewing et al,.* 31 Ark., 235.

But such defect in the description of the land might have been cured by ordering the plaintiff to amend the bill, and describe the land more specifically. It was not cause for general demurrer.

An authenticated copy of the deed, which was probably of record, by which it is alleged that the land was conveyed to the husband in trust for the benefit of the wife, was not made an exhibit to the bill, or is it averred that it could not be procured. It is referred to in the bill in very general terms, and no attempt is made to set out its provisions. It might be necessary for the court to be better informed as to the contents of the deed before rendering a decree. *Dobbin and wife* v. *Hubbard,* 17 Ark., 189 ; *Buckner & Co.* v. *Davis and wife,* 29 Ib., 447. But the failure to exhibit a copy of the deed was not, under the Code Practice, ground of demurrer. The court could have required this to be done by rule.

That the wife may bind her separate property in equity for her debts, when she contracts in reference to it, is well settled. *Dobbin and wife* v. *Hubbard,* 17 Ark., 194 ; *Buckner & Co.* v. *Davis*

*and wife,* 29 Ark., 447 ; *Stillwell and wife* v. *Adams et al.,* Ib., 346 ; *Wood and wife* v. *Terry et al.,* 30 Ark., 392; *Palmer* v. *Rankins et al.,* Ib., 771.

In *Stillwell and wife* v. *Adams et al., ex'rs, supra,* Mr. Justice Walker quoted with approval the remarks of Mr. Perry : "That, under the old settlements in England, and in a few of the states, the general engagements of married women were enforced in equity against their separate estates, although those engagements had no reference to their separate estates, and were not for the benefit of the estates or of themselves personally." But that "in a majority of the United States, a more limited rule was applied, and the contracts of married women were not enforced against their separate estates, unless these contracts were made in relation to their estates, and were for the benefit of their estates, or for their own personal benefit." 2 Perry on Trusts, sec. 680, p. 279.

Under this rule it is not enough for the bill to allege that the wife contracted a debt, and that she had a separate estate, but it must be shown that she contracted in relation to, or upon faith of her estate, and that the contract was for the benefit of the estate, or her personal benefit.

But it has been held that while this rule applies to the general debts of the wife, it does not apply in cases where the debt is contracted for the improvement or preservation of her estate ; that in such cases it will be implied that she contracted upon faith of her estate, and meant to charge it. *Shacklett* v. *Rebecca Polk,* 4 Heiskell, 112 ; *Cater* v. *Eveleigh,* 4 Dessaussure, 19 ; *James* v. *Mayrant,* Ib., 591 ; *Montgomery* v. *Eveleigh et al.,* 1 McCord's Chy., 267 ; *Gardner* v. *Gardner,* 7 Paige, 112 ; *Dyett* v. *North American Coal Company,* 20 Wend., 570 ; *Gardner* v. *Gardner,* 22 Wend., 526 ; *Yale* v. *Dederer,* 22 New York, 450.

Mr. Bishop says : " It is believed to be universal doctrine, if anything on this subject can be said to be so, that, when a married woman contracts for the benefit of her separate estate, and the contract is silent as to the source of payment, it shall be presumed to be a charged on such estate." 1 Bishop on Married Women, sec. 875, p. 671.

The bill in this case charges, in substance, that the land-owners within the circle of the levee agreed to an assessment upon their lands ratably, to construct an inner line of levee, to protect them from overflow; that the sum apportioned to Mrs. Blackburn's land was $266, and that being informed of the facts she approved of the agreement, promised that she and her trustee would pay the amount assessed to her land, and requested appellant, who had undertaken to superintend the construction of the levee, to proceed with the work, which he accordingly did, etc.

If the allegations of the bill be true, the construction of the levee was necessary for the protection and preservation of her separate estate. Without it, her plantation might have been greatly damaged by flooding from the river, and rendered comparatively valueless for cultivation.

The bill does not expressly allege that she agreed that the sum apportioned to her land, should be a charge upon it, but the facts alleged bring the case within the rule above stated.

Appellant prayed that the land might be attached, condemned by decree, and sold for the payment of the debt.

It was held in *Palmer* v. *Rankins, et al., supra,* that the *corpus* of the wife's estate could not be sold to satisfy a debt charged upon it, but her trustees should be decreed to pay it out of the rents and profits.

Whether in any case, where the estate yields no rents, the land could be sold to satisfy a debt charged upon it, we have no occasion to decide in this case.

It does not follow that because a bill prays too much, that the complainant can get nothing.

If the trustee cannot be controlled by decree because he is a non-resident, the estate being within the jurisdiction of the court, it may be placed in the hands of a receiver, with directions to apply the rents in satisfaction of the debt charged upon it.

The decree must be reversed, and the cause remanded, with instructions to the court below to permit appellant to amend the bill in the matters above indicated, with leave to appellees to answer.

And appellees having appeared, by their solicitor, in court, and not by an attorney *ad litem*, they will be regarded by the court below, on the cause being remanded, as personally in court.