WATLING LADDER COMPANY and P.C. HARDWARE
AND MACHINERY COMPANY *v.* C. L. ALDRIDGE
and Robbine ALDRIDGE

CA 81-27                                            621 S.W. 2d 499

Court of Appeals of Arkansas
Opinion delivered September 30, 1981

*Rose Law Firm,* by: *Webster L. Hubbell* and *Jerry C. Jones,* for appellants.

*Barron, Coleman & Barket, P.A.,* by: *John W. Barron, Jr.* and *Gary P. Barket,* for appellees.

TOM GLAZE, Judge. This case involves a default judgment entered in favor of appellees and from which appellant Watling Ladder Company (Watling) appeals. Watling raises five issues for reversal, but we believe only two have merit: (1) Whether the answer filed by Watling's co-defendant, P.C. Hardware, would inure to the benefit of Watling; (2) Whether the answer of Watling was timely filed in view of Rule 4 of the Arkansas Rules of Civil Procedure and the circumstances surrounding the commencement of this action. Both of these issues involve questions of first impression in Arkansas.

The first argument urged by Watling is unique because P.C. Hardware filed an untimely answer, but this was admittedly done by agreement between counsel for appellee and for P.C. Hardware. Appellees contend that P.C. Hardware is technically in default, and that the trial court has not, as yet, granted P.C. Hardware's request to file a late answer as was agreed between the two parties. Appellees argue, therefore, there is no answer filed by P.C. Hardware which can inure to Watling's benefit.

Watling's second argument involves a construction of Rule 4, and particularly Rule 4 (i), of the Rules of Civil Procedure, a matter normally deferred to the wisdom of the Supreme Court under Rule 29. Rule 4 and the issue before us have not been considered by the Supreme Court. Since the Supreme Court promulgated our Rules of Civil Procedure, we believe it would be best to give that Court the opportunity to construe Rule 4 in an effort to tell us what Rule 4 (i) means.

At this stage of the proceedings, however, this Court is prompted to render its view on this issue for at least four reasons: (1) The attorneys in this case did an excellent job in presenting our Court with well written briefs and good oral arguments of this issue; (2) This Court, after due study and consideration, has narrowed the issues in this appeal to the two arguments noted above, and the members of our Court have reached a consensus only on the issue concerning Rule 4; (3) There are many other attorneys not connected with this case who must certainly be confused by the language of Rule 4 and would like a clarification; and (4) In our court's own study of Rule 4 (i), it considered four separate interpretations which could be given the Rule. Thus, we decide this appeal on the singular issue concerning Rule 4 (i), and, in doing so, invite the Supreme Court to consider this matter on review.

The record before us reflects that when appellees filed their action against Watling, a non-resident, they attempted to obtain personal service by certified mail pursuant to Rule 4 (e).[1] Appellees did not request the court clerk to appoint an

---

[1]Rule 4 (e) sets forth five methods of service which can be used on out-of-state defendants, and these same methods are identical to those

attorney *ad litem* when they filed the action. We believe that an *ad litem* must be appointed under Rule 4 (i) whenever service by mail is used and before a default judgment can be rendered. Rule 4(i) provides:

> (i) *Default in Case of Service of Mail:* Before judgment is rendered against a defendant who is served by mail only or by warning order and who has not appeared, it shall be necessary —
>
> First. An attorney be appointed at least thirty [30] days before the judgment is rendered to defend for the defendant and inform him of the action and of such other matters as may be useful to him in preparing for his defense. He may take any step in the progress of the action, except filing an answer, without it having the effect of entering the appearance of such defendant. The attorney may be appointed by the clerk when a warning order is made, or by the court, and shall receive a reasonable compensation for his services, to be paid by the plaintiff and taxed in the costs. *Where service is to be made only by mail, the clerk shall appoint an attorney ad litem upon application of the party or attorney seeking to have such service.* [Emphasis supplied.]

When you consider the language in Rule 4 (e) and 4 (i) together, it appears crystal clear that if you choose to obtain personal service by mail on a non-resident, you must have

authorized in the Uniform Interstate and International Procedure Act, Ark. Stat. Ann. § 27-2503 (1) (Repl. 1979). Rule 4 (e) provides:

(e) *Other Service:* Whenever the law of this state authorizes service *outside this state,* the service, when reasonably calculated to give actual notice, may be made:

(1) By personal delivery in the same manner prescribed for service within this state;

(2) In any manner prescribed by the law of the place in which service is made in that place in an action in any of its courts of general jurisdiction;

(3) By any form of mail addressed to the person to be served and requiring a signed receipt;

(4) As directed by the foreign authority in response to a letter rogatory;

(5) As directed by the Court.

the clerk appoint an attorney *ad litem*. As is noted above, Rule 4 (i) instructs an attorney "seeking" *to have service by mail only* to have an attorney *ad litem* appointed. Rule 12, of course, permits the non-resident defendant to file his answer within thirty days after he is served, *i.e.*, in this case, thirty days after Watling receipted the service by mail on March 3, 1980. If appellees had had an attorney *ad litem* appointed when the action against Watling was filed, Watling would have been required to file an answer on or before April 3, 1980. If these procedures had been followed, Watling would have been in default upon his failure to file its answer by April 3 *and* appellees would have been entitled to a default judgment against Watling without further delay. Certainly, this view of what Rule 4 requires is consistent with the thirty day period in which a non-resident defendant is required to answer under Rule 12. This view is also consistent with the provision contained in Rule 4 (i) which in effect requires an attorney *ad litem* be appointed *at least thirty days* before a default judgment can be rendered.

This conclusion is also in accordance with prior decisions rendered by our Supreme Court wherein it held that the statutory appointment of an attorney *ad litem* is mandatory and jurisdictional, and until complied with, the court is without jurisdiction to make any final order. See *Frank* v. *Frank*, 175 Ark. 285, 298 S.W. 1026 (1927); and *Gaines* v. *Gaines*, 187 Ark. 935, 63 S.W. 2d 333 (1933). In *Frank*, the court stated, "until the thirty days have expired *after the appointment* of the attorney *ad litem*, and he has made his report, the court is without jurisdiction to take affirmative action in the case." The *Frank* and *Gaines* cases admittedly involved out-of-state defendants who were constructively, not personally, summoned. The Supreme Court has, however, expressed in these decisions how important it views the appointment of an *ad litem* before any judgment can be entered. Additionally, the court in *Frank* and *Gaines* gives us more than a hint that the period of time in which a non-resident must file an answer does not commence until an *ad litem* is appointed.

Why would the Supreme Court require an attorney *ad litem* to be appointed when service by certified mail is used?

The *ad litem* requirement was not required heretofore when service by mail was obtained under our long arm statute. Rather, it was a procedure limited solely to cases where a defendant was constructively summoned.

We have very little difficulty in reaching the conclusion that our Supreme Court intended by Rule 4 (i) to implement a procedure to *insure* that a defendant is served and receives notice before a judgment is rendered against him. One of the most recurring legal issues with which we have been confronted involves problems related to mail service, *i.e.,* whether a particular legal paper had either been mailed or received by parties involved in litigation. Before a court can obtain jurisdiction over a non-resident defendant, personal service must be had on that defendant, and the method of service required by law must be one which reasonably has a tendency to give actual notice. Service is perfected when a defendant receives the complaint and summons by mail. However, the appointment of an *ad litem* under Rule 4 (i) merely affords the court additional assurance that personal service has been made on the defendant and that he has a fair opportunity to come in and defend against the action.

Here, of course, an *ad litem* was not sought by appellees when the action was filed but rather was requested and appointed on April 7, 1980. Thus, all of the requirements of Rule 4 (i) had not been met until thirty-seven days after the suit was filed, and thirty-four days after Watling was first served. This being so, a default judgment could not be rendered against Watling until thirty days had transpired after the date an *ad litem* was appointed, *i.e.,* May 7, 1980. Since appellee chose to have the *ad litem* appointed at a time after the action was formally filed and served on Watling, this delay effectively extended the time an additional thirty days in which Watling had to file its answer under Rule 4 (i). Watling filed its answer on April 24, 1980, well within the extended thirty day period. We, therefore, hold that Watling's answer was timely filed.

We are not unmindful of other arguments which have been advanced concerning Rule 4 and which differ with the one we have expressed above. In reaching the result we did in

this cause, we merely attempted to consider all the pertinent rules of our Civil Procedure Code and to give meaning and effect to all the provisions contained in Rule 4. We respectfully disagree with our friend, Judge Newbern, in his conclusion that since the adoption of Rule 4 (i) the effectiveness of mail service now depends upon whether the defendant chooses to defend.[2] Quite opposite to this conclusion, we believe the choice substantially remains in the initiative of the plaintiff, and, when mail is used, the time in which a default judgment can be rendered will depend upon when the plaintiff elects to have an *ad litem* appointed to notify the defendant of the pending action. We cannot agree with any construction of Rule 4 (i) which would permit a non-resident defendant the ability to stifle an Arkansas action by merely ignoring a complaint and summons served by mail and refusing to respond.

We are also aware of at least two other interpretations given Rule 4 (i), *viz.,* (1) that Rule 4 (i) merely readopts Ark. Stat. Ann. § 29-404 (Repl. 1979), (the law applicable to constructively summoning a defendant), but, in addition, the Rule has been extended to permit constructive service by mail as well as by a warning order in *in rem* actions; and (2) that the *ad litem* requirement is merely a notice to the defendant, after service is perfected, to come to defend against damages which the plaintiff intends to seek and prove upon the entering of the default judgment. We have rejected these arguments simply because we would be required to insert language into Rule 4 that is just not there.

For the foregoing reasons, we reverse and remand with directions to enter an order consistent with this opinion, finding that Watling's answer was timely filed.

Reversed and remanded.

MAYFIELD, C.J., and CRACRAFT, J., concur.

MELVIN MAYFIELD, Chief Judge, concurring. I concur in the result reached by the majority in this case but I use a

[2]See *Cox and Newbern*, New Civil Procedures: The Court That Came In From The Code, 33 Ark. L. Rev. 1, 17 (1979).

different basis and a different interpretation to reach that result.

Since Rule 4 (i) of the Arkansas Rules of Civil Procedure is entirely the work product of the Arkansas Supreme Court,[1] its interpretation may best be left to that court. Until that court speaks, however, different interpretations of the rule will probably be made.

The first three sections of Rule 4 (i) follow almost the exact words of former Ark. Stat. Ann. § 29-404 (Repl. 1962). The title line of section 29-404 was "Default in case of constructive service — prerequisite to judgment." The first sentence in the section says "Before judgment is rendered against a defendant *constructively summoned . . .* " whereas the first sentence in Rule 4 (i) says "Before judgment is rendered against a defendant *who is served by mail only or by warning order . . .* " The fourth paragraph of Rule 4 (i) is former Ark. Stat. Ann. § 29-405 (Repl. 1962) verbatim.

It is clear, therefore, that the words "who is served by mail only or by warning order" in Rule 4 (i) replaced the words "constructively summoned" which appeared in former section 29-404. It seems reasonable that Rule 4 (i) was meant to perform the function of former section 29-404. Since that section deals with constructive service, it would not seem to apply to situations where provision is made to obtain personal service. For example, Rule 4 (e) sets out methods of service identical to the methods provided by the Uniform Interstate and International Procedure Act, Ark. Stat. Ann. § 27-2503 (1) (Repl. 1979), whereby personal service may be obtained upon out of state defendants. In this case service was had under the provisions of that act and in the manner therein prescribed and in the manner set out in Rule 4 (e). A return receipt signed by the agent for service of the appellant Watling Ladder Company was filed in this case. The appellant admits receiving the summons and I see no reason for holding that it was excused from answering until thirty days after an attorney ad litem was appointed to

---

[1]See Cox & Newbern, *New Civil Procedure: The Court that Came in from the Code,* 33 Ark. L. Rev. 1, 17 (1979).

tell it that it had been sued which was a fact it already knew. The Arkansas Supreme Court has said, "One who is aggrieved by a judgment rendered in his absence must show, not only that he was not summoned, but also that he did not know of the proceeding in time to make a defense." *Mack* v. *Scott,* 230 Ark. 510, 323 S.W. 2d 929 (1959).

I do not agree that Watling's answer was timely filed.

I do agree, however, that the default entered against Watling should be set aside. I reach this result by following the previous decisions of the Arkansas Supreme Court relied upon and followed by this court in *Firestone Tire and Rubber Co.* v. *Little,* 269 Ark. 636, 599 S.W. 2d 756 (Ark. App. 1980), where it was held that the answer of one defendant inured to the benefit of another where the answer stated a defense common to both.

The only difference in this case and *Firestone* is that the other defendant here did not file an answer within the time provided by law and in *Firestone,* and in the cases cited there, a timely answer had been filed.

The appellees here say that although they agreed that the other defendant could have more time to answer only the court can legally extend that time. They admit, however, that their agreement might give the other defendant just cause under Rule 55 of the Rules of Civil Procedure for filing a late answer. But be that as it may, the appellees' argument overlooks the reason for the rule that the answer of one defendant inures to the benefit of another where the answer states a defense common to both.

In 1 Freeman, *Freeman on Judgments,* § 104 (5th ed. 1925), it is said:

> At common law, in a joint action, whether upon a joint or a joint and several contract, or upon several distinct contracts, the general rule was, that there could be no judgment except for or against all of the defendants. . . . So unyielding was the rule, that when one of the defendants suffered a default or confessed the

action, no judgment could be given against him, if his codefendant succeeded in maintaining some defense affecting the entire contract.

In *Fletcher* v. *Bank of Lonoke,* 71 Ark. 1, 69 S.W. 580 (1902), a case cited in *Firestone,* the court said:

> In the denial of the insolvency of the Bank of Lonoke the basis of the appellants' cause of action against the defendant stockholders was put in issue, and the failure of appellants to sustain the affirmative defeated their right to a decree against any of the stockholders. The defense inured to the benefit of those who failed to answer.

And in *State* v. *Williams,* 17 Ark. 371 (1856), it was held that a demurrer by one defendant inured to the benefit of another defendant.

It seems clear to me that the above cases require us to hold that any answer in this case by either defendant which asserts a defense common to both will inure to the benefit of the other defendant. Since the answer of P.C. Hardware denied the material allegations of the plaintiff's complaint, I would have to hold that the default entered against Watling should be set aside.

I am authorized to state that Judge Cracraft joins in this opinion.