# C. L. ALDRIDGE and Robbie ALDRIDGE *v.* WATLING LADDER COMPANY and P. C. HARDWARE & MACHINERY CO.

81-206 628 S.W. 2d 322

Supreme Court of Arkansas
Opinion delivered March 1, 1982

*Barron, Coleman & Barket, P.A.,* by: *John W. Barron, Jr.* and *Gary P. Barket,* for petitioners.

*Rose Law Firm,* by: *Webster L. Hubbell* and *Jerry C. Jones,* for respondents.

ROBERT H. DUDLEY, Justice. This case involves the

construction of Rule 4 (i) of the Rules of Civil Procedure, Ark. Stat. Ann. Vol. 3A (Repl. 1979). The Court of Appeals decided the case, *Watling Ladder Co. and P. C. Hardware & Machinery Co.* v. *Aldridge*, 3 Ark. App. 27, 621 S.W. 2d 499 (1981). However, Rule 29 (1) (c) of the Rules of the Supreme Court and Court of Appeals, Ark. Stat. Ann. Vol. 3A (Supp. 1981), provides that jurisdiction shall be vested in the Supreme Court to interpret a rule or regulation of any court. This case should have been certified to this court by the Court of Appeals because Rule 29 requires that all such cases be decided by this court. To resolve any confusion we have granted certiorari.

Petitioners C. L. Aldridge and Robbie Aldridge filed a products liability suit against respondents Watling Ladder Company, a non-resident manufacturer, and P. C. Hardware, a resident retailer of ladders. On February 28, 1980, in accordance with A. R. Civ. P., Rule 4 (e) (3), the long-arm service rule, petitioners' attorney sent the complaint and summons by certified mail to Watling Ladder Company in Valley, Park, Missouri. This rule authorizes service outside the state . . . "By any form of mail addressed to the person to be served and requiring a signed receipt; . . . " The complaint and summons were received by the president of Watling on March 3, 1980.

However, when petitioners filed their complaint they did not cause the court clerk to appoint an attorney ad litem. On April 7, which was more than 30 days after respondent Watling received the complaint, the petitioners filed a motion asking for a default judgment against Watling and asked for the appointment of an attorney ad litem. The next day, April 8, an attorney ad litem was appointed, and on April 24, Watling's answer was filed. Thus respondent Watling's answer was filed within 30 days of the appointment of an attorney ad litem but more than 30 days from the date of notice by mail. The trial court granted a default judgment. We affirm the Court of Appeals in reversing and remanding to the trial court.

Rule 4 (i) provides:

(i) *Default in Case of Service by Mail:* Before judgment is rendered against a defendant who is served by mail only or by warning order and who has not appeared, it shall be necessary —

First. An attorney be appointed at least thirty [30] days before the judgment is rendered to defend for the defendant and inform him of the action and of such other matters as may be useful to him in preparing for his defense. He may take any step in the progress of the action, except filing an answer, without it having the effect of entering the appearance of such defendant. The attorney may be appointed by the clerk when a warning order is made, or by the court, and shall receive a reasonable compensation for his services, to be paid by the plaintiff and taxed in the costs. *Where service is to be made only by mail, the clerk shall appoint an attorney ad litem upon application of the party or attorney seeking to have such service.* [Emphasis supplied.]

The meaning of the rule is that a default judgment cannot be taken against a non-resident defendant who has been served by mail until thirty days have elapsed after the appointment of an attorney ad litem and the attorney ad litem's report has been made. Here the plaintiffs, petitioners, did not cause the court clerk to appoint an attorney ad litem on the date the case was filed. The attorney ad litem was not appointed until a later date and the respondent filed its answer within 30 days of the appointment of the attorney ad litem. As a result, the filing of the answer was timely and a default judgment should not have been granted.

The rule and this interpretation are in accordance with decisions construing the prior comparable statutory provision. See *Frank* v. *Frank,* 175 Ark. 285, 298 S.W. 1026 (1927), and *Gaines* v. *Gaines,* 187 Ark. 935, 63 S.W. 2d 333 (1933).

There is a second reason for reversing the default judgment against respondent Watling. P. C. Hardware was allowed to file a late answer by agreement of petitioners'

attorney and P. C. Hardware's attorney. Respondent Watling contends that the answer of P. C. Hardware should inure to Watling's benefit. We agree. It has been settled in this State for almost a century and a half that the answer of one co-defendant inures to the benefit of the other co-defendants. *Allied Chemical Corp.* v. *Van Buren School Dist. No. 42,* 264 Ark. 810, 575 S.W. 2d 445 (1979); *Bruton et al* v. *Gregory,* 8 Ark. 177 (1847).

Petitioners contend that P. C. Hardware is technically in default as its answer was also late and therefore there is no answer by P. C. Hardware which can inure to the benefit of respondent Watling. This argument overlooks the fact that P. C. Hardware did file a late answer, the petitioners did not move to strike it and they admit that the late answer is filed by agreement. Under the circumstances a default judgment could not be granted against P. C. Hardware. Therefore, the answer of co-defendant P. C. Hardware denying the material allegations of the complaint inures to the benefit of Watling. Hence, default judgment should not have been entered against Watling.

Affirmed.

ADKISSON, C.J., and HAYS, J., not participating.

HICKMAN, J., concurs for the reasons stated in the concurring opinion filed in *Watling Ladder Co. & P. C. Hardware & Machinery Co.* v. *Aldridge,* 3 Ark. App. 27, 621 S.W. 2d 499 (1981).