## SMITH *v.* MINTER.

### Opinion delivered October 11, 1915.

1. JUDGMENTS—FRAUD IN PROCUREMENT—MOTION TO VACATE.—In order to vacate a judgment for fraud practiced by the successful party in obtaining it, it is necessary not only that the defense to the action be sufficiently alleged, but that it shall be adjudicated that the defense to the action is a valid one; the court determining first, whether the grounds to vacate exist and then the validity of the defense alleged.

2. APPEAL AND ERROR—FINDING OF FACT—ABSENCE OF BILL OF EXCEPTIONS.—It will be presumed in the absence of a bill of exceptions, that a court's findings of fact were based upon the evidence, there being nothing in the record to rebut that presumption.

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; affirmed.

Appellants brought this suit to enjoin the collection of a judgment of the circuit court rendered against them as sureties on the retaining bond of E. G. Nelson, in an unlawful detainer suit, and asked also for a vacation of the judgment for fraud, alleging that the attorney for the defendant in the suit had confessed judgment without authority to do so and that one of the sureties had been released and no judgment taken against her.

A demurrer interposed was treated as a motion to transfer, and the cause was accordingly transferred to the circuit court. A motion was then made to dismiss upon the ground that the matter was *res adjudicata,* and upon a hearing, the motion to dismiss was treated as one to vacate the former judgment, and the court held said judgment to be valid and that no defense was attempted to be interposed now that did not exist and was known to the parties having the right thereto at the former adjudication.

It further adjudged that since one of the sureties on the bond had been released in the judgment rendered, that the others should only be bound to the payment of two-thirds of the judgment, and reduced it accordingly.

There was no bill of exceptions in the record.

*W. N. Ivie,* for appellants.

The complaint sufficiently states a cause of action under subdivision 4 of section 4431, Kirby's Digest, for vacating or modifying a judgment after the expiration of the term. It was properly transferred to the circuit court for trial. 81 Ark. 51.

Due service being had, the case should have proceeded as other cases at law. There was no answer or denial of the allegations of the complaint, and they are, therefore, to be taken as true. Kirby's Dig., § 6137; 73 Ark. 349.

Appellants have a valid defense against the suit of Minter on the case of Minter v. Nelson, in which the judg-

ment complained of was rendered, as appears by the pleadings in the original action, made exhibits to the complaint here.

The court in the original action had no right to render judgment for damages without taking proof of the amount of damages, if any, actually sustained. Kirby's Dig., § § 6137-6240; 90 Ark. 161; 89 Ark. 512; 74 Ark. 608.

The attorney for the appellant, Nelson, had no authority, without Nelson's consent or knowledge, to confess judgment against him. 93 Ark. 345; 32 Ark. 346; 56 Ark. 375; 90 Ark. 591-596.

*Appellee, pro se.*

1. "A judgment shall not be vacated on motion or complaint until it is adjudicated that there is a valid defense to the action in which the judgment is rendered." Kirby's Dig., § 4434.

Appellants have wholly failed to have any defense they may have had to appellee's original cause of action adjudicated as a valid defense. The mere making the answer in the original cause an exhibit to the complaint in the present proceeding, without an adjudication as to the validity of the defense alleged in such answer, and without a showing of any other valid defense not stated therein, is not a sufficient compliance with the law. *Id.,* 102 Ark. 252.

2. This court can not determine whether the lower court erred in its judgment, in the absence of a bill of exceptions setting out the evidence upon which its judgment was based. 88 Ark. 467; 94 Ark. 115; 44 Ark. 74; 79 Ark. 263; 95 Ark. 302-310; 78 Ark. 198.

3. Appellants voluntarily became sureties on the bond of Nelson, and are bound conclusively by the judgment entered by consent of their said principal. 23 Cyc. 1278.

4. On the question of fraud practiced in obtaining the judgment, the finding of the circuit court upon the facts is conclusive against the appellants. There is no proof in the record of any fraud practiced on the court

or any one else. Moreover, a judgment by consent of even an unauthorized attorney is not void.   34 Ark. 642; 32 Ark. 74, 83, 84.

5. Damages were a proper item to be included in the judgment in addition to the rental value of $300 agreed upon.   Kirby's Dig., § 3644; 62 Ark. 469, 473, 474.

KIRBY, J., (after stating the facts).   (1) Appellants contend that the court erred in refusing to vacate the judgment and insist that the allegations of the complaint were sufficient and that a good defense was shown to exist. In order to vacate a judgment for fraud practiced by the successful party obtaining it, it is necessary not only that the defense to the action be sufficiently alleged, but that it shall be adjudicated that the defense to the action is a valid one, before the judgment is vacated or set aside, the court determining, first, whether the grounds to vacate exist and then the validity of the defense alleged.

The court found that all the interested parties had notice and opportunity to make defense, that the parties to the suit ''were present each by his attorney of record, with full power to act, and that the judgment was a subsisting good and valid judgment.''

(2)   Testimony could have been introduced, showing that the attorney consenting to the judgment was authorized to do so, and if appellant introduced any testimony tending to show a valid defense, it was not preserved by a bill of exceptions, and this court can not review the question.

In *London* v. *Hutchens,* 88 Ark. 467, the court said: ''The appeal is one from the order refusing to set aside the dismissal of his proceedings for vacation of the judgment for want of prosecution. * * * London had proceeded under the statutes to have it set aside. * * * The record entry indicates that the court had evidence before it, and the presumption is always indulged, in the absence of evidence being brought here, that the evidence would sustain the action of the court.''

In *Young* v. *Vincent,* 94 Ark. 115, it was said: ''Where the record does not contain the evidence adduced

at the trial, every intendment is indulged in favor of the action of the trial court, and this court will presume that every fact susceptible of proof that could have aided appellee's case was fully established. The salutary rule of law is that every judgment of a court of competent jurisdiction is presumed to be right unless the party aggrieved will make it appear affirmatively that it was erroneous.''

In *Foohs* v. *Bilby,* 95 Ark. 302, the court said: ''The motion to vacate the judgment under section 4431, *supra,* was heard on evidence, and the evidence which the court heard and on which it acted in setting aside the judgment in question not being brought into the record, we must presume that every fact necessary to sustain the finding and judgment of the court was proved that could have been proved.''

''In the absence of the bill of exceptions, it will be presumed that the court's findings of fact were based on the evidence, where there is nothing in the record to rebut that presumption.'' *Swing* v. *Brinkley Car Works & Mfg. Co.,* 78 Ark. 198.

The allegations of the answer of the defendant, Nelson, in the first suit are not proof of the facts therein set up, and, as already said, the court in this proceeding found that the judgment attempted to be vacated was valid and subsisting and that the attorney confessing it had authority to do so, and it must be presumed in the absence of a bill of exceptions that the court's findings of fact were based on the evidence, there being nothing in the record to rebut that presumption.

The judgment is accordingly affirmed.