ALLSUP *v.* ALLSUP.

4-5625 .                                    132 S. W. 2d 813

Opinion delivered November 6, 1939.

*Jay M. Rowland,* for appellant.

*Walter J. Herbert,* for appellee.

BAKER, J.   This is an appeal from an order and decree of the chancery court denying a motion of appellant to set aside decree of divorce granted on the 12th day of October, 1937.   The appellant alleges as cause for setting aside or vacating the divorce decree, that it was obtained by fraud upon the court in that the appellee had filed and certified to a questionnaire in which he gave her address as Nashville, Tennessee, Davidson county, c/o sheriff's office.   It was alleged further that the appellee knew the address of the appellant at that time, but refused, or, at least, failed to give that information; and that the attorney *ad litem* appointed in due course sent notice to Rada L. Allsup at the address given, which letter was duly returned as appears

from the records in the case. No other irregularity is charged or relied upon.

The matter charged in this motion was denied and upon proof being heard the court found that there was no effort to deceive the officers of the court, or to prevent the defendant from knowing of the pendency of the suit.

The appellant is very positive in her assertions that the plaintiff, had he desired to have done so, might easily have located her in time for her to have made a defense to the suit. She alleges that she had a "meritorious defense" thereto, but no other statement was made to show what her defense was, although the plaintiff had filed a motion to require her to make definite her pleadings in that particular.

Prior to this time plaintiff had filed suit at Little Rock, but this suit had been dismissed.

A part of appellant's testimony is as follows: "I was living at 1909, West End, at Knoxville. I have never been sued in Nashville. The one in Little Rock was the first one. I am not sure where I was when it was filed. I lived in Knoxville from 1916 to 1935, and then moved to Nashville in August, on the 4th, I think. In 1935, I lived at 121, Eighth avenue, North, I think, but it might have been addressed to McAlley avenue. I lived in several different places there, but I got notice of both suits. One of the notices came through the sheriff's office. That was just bluff, he could not help but know where I was living. He always found me before then. I don't think the sheriff's office was the proper place to find out. He could have asked at the post office."

She makes a somewhat more elaborate statement that he could have had notice sent to the home of one of their daughters.

The appellee explains that he had sent notice to her prior to this time, through the sheriff's office, and that a short time before he had called up one of the daughters to make inquiry as to the location of appellant and was advised by the daughter that she herself did not know where her mother was, that if she knew she would not tell and that if he, the appellee in this case,

called her again she would try to have him arrested. His explanation as to why he gave the sheriff's office as a place through which she might be located was that the attorney was advised that, although he did not know her exact address, it was possible she might be located by correspondence with the sheriff's office; that it was not expected that she be found or located in that office as an actual residence.

The trial court held that there was no actual or constructive fraud or intent to deceive the court, and this conclusion appears justified from the foregoing statements of the appellant, who was herself not perfectly sure in regard to what place she might have been found at the time the notice was given.

This question of fact decided by the trial court was, we think, correctly determined. The chancellor's conclusions are supported by the weight of the evidence, or at least not contrary thereto.

The appellee calls our attention to the fact, however, that the appellant in attempting to secure an order vacating this decree of divorce has not pleaded any defense that she may have had, had she been permitted to reopen the case for a new trial. She has merely stated that she has "a meritorious defense" and this is merely a conclusion and without merit for the purpose for which it was offered. Section 8249, Pope's Digest; *Smith* v. *Minter*, 120 Ark. 255, 179 S. W. 341; *Dengler* v. *Dengler*, 196 Ark. 913, 120 S. W. 2d 340.

Our attention is called to the pleadings in this case wherein appellee pleads desertion without reasonable cause, and, in addition, offers the further fact that the parties had lived apart for more than three years prior to the filing of the suit and that the appellee was entitled to a divorce under act 20 of the Acts of 1939. It is true that the facts pleaded and proof perhaps justified relief under said act, but the decree which appellant seeks to have vacated was founded upon desertion.

Besides all these matters, it appears that appellant waited an undue length of time in her efforts to have this decree of divorce vacated. She had knowledge of it on the 18th day of October, 1937, six days after the

decree was granted, by a letter from the Veterans' Bureau; but she did not file the motion upon which the court acted until February 21, 1939. She gives no excuse for this delay except she says she was not "officially" notified. She was also told of the suit by a letter from appellee's attorney six months after the decree. She admits receipt of these letters, but because the writer of the letter from the Veterans' Bureau expressed an opinion that the decree was invalid and the pension was not discontinued, she did nothing at that time.

All her contentions fail for the following reasons: First, no fraud was proven or established in procuring the decree. Second, she had no defense, or alleged none that would entitle her to prevail in this motion. Third, she delayed unduly after notice and permitted changed circumstances and conditions and new rights of another party to arise during her extended delays, the appellee having married again.

The motion to vacate was filed February 21, 1939. Appellee married December 31, 1938, more than a year after the divorce. The delay under the circumstances may not be excused. *Corney* v. *Corney*, 97 Ark. 117, 133 S. W. 813; *Vanness* v. *Vanness*, 128 Ark. 543, 194 S. W. 498; *Bauer* v. *Brown*, 129 Ark. 125, 194 S. W. 1025.

There is no error. Affirmed.