HAGEN v. HAGEN.

4-7481                                            183 S. W. 2d 785

Opinion delivered December 4, 1944.

*Kent Jackson,* for appellant.

*Doyne Dodd* and *Everard Weisburd,* for appellee.

McHANEY, J.   On September 18, 1942, appellant filed suit for divorce against appellee under our so-called 90 days divorce law, § 4386 of Pope's Digest, on the ground of general indignities.   Appellee, a resident of Oregon, was notified of the pendency of the action by an attorney *ad litem* who was appointed on the same day, by a letter dated September 26, 1942, which she acknowledged under date of October 2, 1942, stating she desired to defend the action, but did not authorize said attorney to make any defense for her.   On October 13, said attorney wrote appellee again, in which he stated that the next term of court would be October 19, and that if she desired him to handle the matter, to have her attorney in Oregon communicate with him.   No answer was received to this letter and on October 19, a decree of divorce was granted appellant without any contest by appellee, the attorney *ad litem* having filed report as above.

The first action taken by appellee was on March 15, 1943, when, by her present counsel, she filed a motion to set aside the decree of divorce of October 19, 1942.   The grounds alleged in the motion were, first, that it was obtained by fraudulent misrepresentations to the court; 2nd, that the proof was insufficient to support the decree; 3rd, that there was "no proof that the plaintiff was a resident of the State of Arkansas for three months next preceding the trial of the cause, and that in truth and in fact the plaintiff was a resident of Memphis,

Tennessee, during the time he was supposed to be living in this state and county''; and, 4th, that the depositions of appellant and his witnesses contain flagrant misstatements, which can be proved.

Appellant responded to this motion with a general denial of the allegations thereof. On September 15, 1943, the court made and entered an order against appellant for temporary alimony and attorneys fees, and on October 18, 1943, he was cited for contempt for failure to pay the sums ordered to be paid on September 15, and a warrant was issued for his arrest, but he was never apprehended. On January 7, 1944, appellee's motion to set aside the divorce decree was granted and the decree was set aside. Thereafter, the date not being shown, appellant's counsel filed a motion to set aside the order of January 7, 1944, on the ground that on that date and prior thereto, appellant was a member of the armed forces of the United States, to-wit, the Marines, was out of the jurisdiction of the court and was entitled to have the cause continued pending the termination of his military service under § 521 of the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U.S.C.A. App., § 201). No action appears to have been taken on that motion, but on April 28, 1944, on the motion of appellee, the court dismissed with prejudice appellant's complaint for divorce, but made a finding that appellant was inducted into the U. S. Marine Corps on November 4, 1943. This appeal followed.

We think the court fell into error in its order of January 7, 1944, setting aside the decree of divorce of October 19, 1942. In that order the court said: ''After an examination of the proof in the premises and other matters before the court, it appears that there is no evidence that the plaintiff was a *bona fide* resident of the State of Arkansas for three months prior to the trial of said cause, as required by law,'' and this is the reason the court assigned for setting aside the original divorce decree.

Section 8246 of Pope's Digest, subsection Fourth, provides that the court in which a judgment or final

order has been rendered shall have power, after the expiration of the term, to vacate such judgment or order, "For fraud practiced by the successful party in the obtaining of the judgment or order." It has many times been held that, after the expiration of the term, the judgment can be set aside only in the way and for the reasons specified in this section or by bill of review in equity; and § 8248 provides that the proceeding to vacate or modify the judgment or order on the grounds mentioned in Subdivisions 4-8 shall be by verified complaint, etc., stating the defense to the action, if the party applying is defendant. No complaint was filed, only a motion and it not verified, but if we treat that requirement as being waived and treat the motion as a complaint, it alleges only the ground that fraud was practiced on the court in that appellant was not a resident of the state for three months, which would come under subsection 4 of § 8246. *Murphy* v. *Murphy,* 200 Ark. 458, 140 S. W. 2d 416. It was there held that Murphy not being a resident of the. state when he obtained the divorce, this representation that he was a resident constituted a fraud upon the court. And under the authority of *Corney* v. *Corney,* 79 Ark. 289, 95 S. W. 135, 116 Am. St. Rep. 80, it was held that where the decree was obtained by a fraud on the court's jurisdiction, an action would lie to vacate the decree after the term, whether there was a valid defense to the original action or not.

The trouble with appellee's action here to vacate the decree on the ground of fraud on the court's jurisdiction is that there is no proof in this record that appellant was not a resident of the state and county for the required time. No witness, not even appellee who was the only witness on the merits of the motion, testified that appellant's residence here was fictitious and not actual. No one testified that he was a resident of Memphis. We think the proof of residence offered on the original hearing for divorce was rather "sketchy," but was sufficient to sustain the decree of the court until overcome by other and independent proof that his residence was elsewhere.

Moreover, appellee was negligent in not defending the original action. She had ample notice of the pendency of the action and when it would be heard. She made no defense and took no appeal, although promptly advised that the decree had been granted on October 19, 1942. She waited until March 15, 1943, to take any action whatever. In *Gaines* v. *Gaines,* 187 Ark. 935, 63 S. W. 2d 333, we held, to quote a headnote, that: "A nonresident defendant, who received notice seven days before entry of a decree of divorce but took no action thereon, could not have the decree set aside for fraud."

For these reasons the court erred in setting aside the decree of divorce and in dismissing the complaint. Since appellant is a member of the armed forces of the United States and was at the time this procedure was had against him, we think the cause should be reversed and remanded and a decree entered in accordance with this opinion; that the case be held on the docket with a decree of divorce in appellant's favor, but with a motion or complaint pending to set it aside for fraud practiced on the court, if appellee elects to pursue it further, and with the right of appellee to have appropriate orders against appellant for the support of his children by her.

It is so ordered.