SARIEGO *v.* SARIEGO.

5-1920                                      328 S. W. 2d 136

Opinion delivered October 19, 1959.

*Sydney S. Taylor,* for appellant.

*C. A. Stanfield,* for appellee.

SAM ROBINSON, Associate Justice. This is an appeal from a decree of the chancery court refusing to set aside a divorce decree granted appellee on May 8, 1956. The appellant alleges as grounds for setting aside the decree that it was obtained by fraud on the court in that appellee was never a resident of Arkansas and that the grounds for divorce were untrue.

The Sariegos were married in New York City in March, 1950. The next year appellee entered the United States Air Force and has been on active duty since that time. While stationed at a United States Air Base in Puerto Rico, appellant and appellee lived together until October, 1953, when appellant returned to New York. Appellant testified there was no separation at that time and, in fact, that she and appellee cohabited as late as November, 1954. Appellant's testimony is to the effect that she was prepared to rejoin her husband upon his return to the United States when, in September, 1955, she received a letter from a Hot Springs attorney asking that she execute a waiver and entry of appearance in a divorce action her husband had filed. This was executed by appellant and sent to appellee's

attorney, C. A. Stanfield. During this time appellant was employed by Hamburger & Green, attorneys at law, New York City.

After some delay in the divorce proceeding, on November 25, 1955, one of appellant's employers, who was acting as her attorney, wrote Stanfield for the return of the waiver and entry of appearance, which had not been filed. Stanfield promptly returned same. Subsequently appellee commenced constructive service by publication of warning order on April 3, 1956. About April 5, 1956, appellant received a letter from the attorney *ad litem* enclosing a copy of the divorce complaint and informing appellant that she had thirty days within which to file an answer.

Appellant testified that after consulting with her attorneys she decided to do nothing and that no defense would be offered. On this point her testimony is as follows:

"Q. Did you decide not to defend the action?

A. Inasmuch as the Chancery Court of Garland County, Arkansas had no jurisdiction over me nor my husband because neither of us was a resident of Arkansas, there was nothing to defend.

Q. What steps did you take, if any?

A. I took no steps because I did not believe the Court would grant a decree where it was without jurisdiction and I did not believe my husband would perjure himself."

Appellee was awarded a divorce May 8, 1956, and on the following day he was married to one Catherine Dempsey Beyea.

On October 22, 1956, after term, appellant brought suit to vacate the decree for the reasons above stated. Appellee demurred to the complaint and upon same being overruled entered a general denial. Catherine Beyea Sariego intervened, stating that she and appellee were married and she would be injured if the divorce decree were set aside.

To support her complaint appellant introduced evidence pertaining to the residence of appellee during the period from the date of their marriage until the divorce decree was granted. Certain portions of the testimony went toward contradicting the grounds on which the divorce had been awarded (three years' separation). Both the testimony of the appellant and that of supporting witnesses were supplemented by various exhibits. The entire file of the divorce action was also made a part of the record. Appellee presented no testimony in defense.

We will not comment further on the evidence in that the case should be disposed of on other grounds.

All of the evidence offered by appellant goes toward contesting the jurisdiction of the court and grounds for divorce. This same evidence was readily available to appellant at the time the divorce action was pending. Despite the fact that she had actual notice of the filing of the action and had received proper notification from the attorney *ad litem,* she allowed her husband to proceed without offering any defense, either to jurisdiction or on the merits of the case. Further, she waited six months from the granting of the divorce to file the present suit, despite knowledge of all the facts.

It is well established by this Court that a party seeking to cancel a decree of divorce for fraud must proceed with diligence after discovery of the fraud. *Allsup* v. *Allsup,* 199 Ark. 130, 132 S. W. 2d 813; *Bauer, Exr.,* v. *Brown,* 129 Ark. 125, 194 S. W. 1025. In *Corney* v. *Corney,* 97 Ark. 117, 133 S. W. 813, we said: "In deciding upon an application to strike out a judgment after the term is past, for fraud, irregularity, deceit, or surprise, the court acts in the exercise of its *quasi* equitable powers, and in every such case requires the party making the application to act in good faith and with ordinary intelligence. Relief will not be granted if he has knowingly acquiesced in the judgment complained of, or has been guilty of laches or unreasonable delay in seeking his remedy."

In the case at bar the appellant had actual notice and was properly served under our law, yet she sat idly by and allowed the court to enter judgment by default, without raising a hand in defense, and six months later asked that the decree be set aside for fraud. In the meantime, appellee had married again. In the case of *Hagen* v. *Hagen,* 207 Ark. 1007, 183 S. W. 2d 785, this Court said: ''Moreover, appellee was negligent in not defending the original action. She had ample notice of the pendency of the action and when it would be heard. She made no defense and took no appeal, although promptly advised that the decree had been granted on October 19, 1942. She waited until March 15, 1943, to take any action whatever. In *Gaines* v. *Gaines,* 187 Ark. 935, 63 S. W. 2d 333, we held, to quote a headnote, that: 'A nonresident defendant, who received notice seven days before entry of a decree of divorce but took no action thereon, could not have the decree set aside for fraud.' ''

The decree is affirmed.