GERTRUDE E. McCORMICK v. ROBERT EARL McCORMICK

5-4814                                    438 S.W. 2d 23

Opinion Delivered March 10, 1969

*Cockrill, Laser, McGehee, Sharp & Boswell* for appellant.

*Butler & Dishongh* for appellee.

FRANK HOLT, Justice.    This appeal is from the refusal of the chancellor to vacate and set aside a decree of divorce which was granted to appellee by default.

Appellant alleged in her motion to vacate the decree that she was prohibited by unavoidable circumstances from appearing and defending, and, further, that she had a meritorious defense to the complaint.    We find no merit in either contention.

Appellant and appellee were married in 1958 and were separated in 1963.    On January 18, 1968, the appellee filed suit for divorce against the appellant, alleging, inter alia, the statutory ground of three-year separation.    On that date an attorney ad litem was appointed to notify appellant, a nonresident, and the requisite warning order was issued.    The attorney ad litem notified her by certified mail of the pendency of the lawsuit.    He enclosed a copy of the complaint; advised her she had thirty days to defend the action to avoid a default judgment; that she should engage an attorney immediately, and that he could not represent her.    He received a return receipt, dated February 5, 1968, from appellant.    Next, he received from her a letter dated February 19, 1968, wherein she acknowledged receipt of the notice, stated that she was seeking legal advice and desired some additional time to get "necessary information and advice" and after that, she would decide what she should do.    The attorney ad litem included the return receipt and her letter in his reports to the court.    Nothing further was heard from her and on February 29 the chancery court granted appellee a divorce based upon three-years separation. On March 26, 1968, appellant filed her motion to vacate this decree.    Upon a hearing, she testified that she had sought advice from an attorney in the state of Washington, where she lives, and that he had furnished her the name of a local Arkansas attorney with whom she communicated; that he advised he was unable to

represent her and furnished two other names. She wrote to one of them who replied that he could not represent her and, further, that a divorce had already been granted. Subsequently her present counsel filed this motion to vacate the divorce decree.

It is within the discretion of the trial court to set aside a default judgment upon the showing of excusable neglect, unavoidable casualty, or other just cause which prevents a party from appearing or defending. Ark. Stat. Ann. § 29-401 (Repl. 1962). Appellant relied upon this statute and argues that the evidence in this case brings her within its provisions. We cannot agree.

Appellee complied with all the requirements of our laws in securing his divorce. Appellant had 24 days notice before rendition of the final decree. During this time she actually consulted and communicated with legal counsel. She made no appearance and no pleading was filed in the case until almost one month after the decree was rendered. Where one has notice of the pendency of an action for divorce and fails to appear and defend, a motion to vacate the decree will be denied where there is negligence or a lack of diligence shown. *Gaines* v. *Gaines,* 187 Ark. 935, 63 S.W. 2d 333 (1933); *Hagen* v. *Hagen,* 207 Ark. 1007, 183 S.W. 2d 785 (1944); *Sariego* v. *Sariego,* 231 Ark. 35, 328 S.W. 2d 136 (1959). In *Gaines* we upheld the refusal of the trial court to vacate the decree where the appellant had only 7 days' notice of the pendency of the action. In *Hagen,* the wife, upon receiving notice to defend a divorce action against her, replied that she desired to defend. However, during the 23-day interim she took no further action. The chancellor granted her motion to vacate the decree. In reversing, we held that she had ample notice of the pendency of the action and was negligent in not defending it. In the case at bar, appellant had sufficient notice and ample time to appear and defend the action and her failure to do so was negligence and a lack of legal diligence.

Furthermore, at the hearing of her motion to vacate appellant agreed and it was stipulated that she and appellee had lived separate and apart for more than three consecutive years. A divorce under this section [§ 34-1202 (7) (Repl. 1962)], upon proper proof, is mandatory upon the suit of either party, regardless of what caused the separation or who was at fault. *Brooks* v. *Brooks,* 201 Ark. 14, 143 S.W. 2d 1098 (1940); *Mohr* v. *Mohr,* 214 Ark. 607, 215 S.W. 2d 1020 (1948).

However, when a divorce is granted upon three-years separation, the question who is the injured spouse is then considered in the settlement of property rights and the question of alimony. *Jones* v. *Jones,* 199 Ark. 1000, 137 S.W. 2d 238 (1940). Therefore, appellant argues that even though the divorce is valid, she has a meritorious defense as an injured party and is entitled to a hearing on the question of property rights, alimony and attorney's fees. Appellant, who became a naturalized citizen in 1957, is 51 years of age, in good health and is gainfully employed as a registered nurse with an income of approximately $6,000 per year. Appellee is a non-commissioned officer in the military service. There are no children.

In 1963, following their separation, a comprehensive and detailed written property settlement was drafted by legal counsel and signed by appellant and appellee. This occurred while they were stationed in Germany, her native country, on military duty. The settlement recites that she speaks English fluently and has no difficulty in reading and understanding the English language. Further, that she was completely advised, "from the attorney of my own selection." During the next four years, appellee performed his agreed obligations which were completely fulfilled in 1967. Appellant accepted all the benefits. Now it is asserted that it was improper to consider and insert this instrument into the default decree. However, it is expressly agreed in this written instrument that "the terms of this agreement will be entered as part of any

decree entered'' in a divorce proceeding. Even if we should exclude the property settlement, which appears to meet the test of fairness and reasonableness, we are of the view that appellant is not an injured spouse in this action. Certainly, we cannot say there was an abuse of discretion by the chancellor in refusing to vacate and set aside the default decree of divorce in the case at bar.

Affirmed.

BYRD, J., not participating.