Esther L. COLVIN *v.* Richard A. COLVIN

79-327                                                595 S.W. 2d 685
Supreme Court of Arkansas
Opinion delivered March 24, 1980

*Killough & Ford,* by: *Robert M. Ford,* for appellant.

*Kinney & Easley,* for appellee.

JOHN I. PURTLE, Justice. The Chancery Court of St. Francis County denied appellant's motion to set aside a decree of divorce in which appellant contended it was error to grant the decree after appellant had notified appellee's attorney that she was dissatisfied with the terms of the waiver and settlement agreement which she had executed.

On appeal appellant argues: (1) it was improper for appellee's attorney to file the waiver and agreement after she had expressed dissatisfaction with it; (2) it was error for appellee's attorney to fail to notify her of the date the matter would be presented to the court; (3) attorney for appellee had a duty to notify the court of appellant's dissatisfaction; and (4) it was error for the court to refuse to grant the motion to set aside the decree. We do not find reversible error.

On July 3, 1979, appellee's attorney filed a complaint for divorce. On the same day he mailed appellant a copy of the complaint, a waiver of service and entry of appearance, a property settlement agreement, and a letter advising her he would discuss the matter with her. The letter also informed her that she had the right to consult an attorney of her choice.

A few days later, appellant contacted appellee's attorney and negotiated a change in the agreement; and, the instrument was modified and executed by the parties on July 17, 1979.

On August 7, 1979, appellant called appellee's attorney and stated she believed she had made a mistake in signing the instrument. She further stated that she thought she might cross-file for divorce and that she would probably hire an attorney. Appellee's attorney advised her she should do this. At that time appellant requested the appellee's attorney not to tell her husband about the conversation. She made no request to withdraw the waiver or the property settlement agreement.

On August 8, 1978, the attorney filed the waiver of service and settlement agreement with the court, and on August 9, 1979, appellee's attorney took the dispositions of his client and his client's witness. Later on the same day, the appellant

inquired of the chancery clerk whether a divorce had been granted, and she was informed it had not.

The depositions were filed on August 13, 1979, and the decree was signed in chambers on that date. No attorneys had contacted appellee's attorney prior to the court granting the decree for divorce. The court was not made aware of appellant's statements.

On August 23, 1979, the appellant filed a motion to set aside the decree on the grounds stated earlier in this opinion. The appellee filed a motion to strike appellant's motion to vacate the decree. Memorandum briefs were filed in support of each motion. On August 30, 1979, a hearing was held by the court, and the motion to set aside the divorce decree was denied. Appellant appeals from the order entered thereon.

The appellant received the letter from her husband's attorney along with the proposed waiver and property settlement shortly after July 3, 1979. She discussed this matter with the attorney at a later time and suggested changes in the agreement. These changes were completed on July 17, 1979. In her conversation with the attorney on August 7, she simply stated she thought she had made a "bad deal." She never requested that the waiver be withdrawn nor did she suggest in what manner she had made a bad deal.

At this time she was encouraged to seek the services of another attorney. However, this was not done until early August; and, her attorney did not contact the appellee's attorney or the court until after the decree was entered.

Appellant does not quote any statute or rule which would have any bearing on this argument. The most that can be said of the authorities cited in support of this argument is that the courts do not seem to favor waivers. However, some courts are almost forced to use waivers in an effort to conserve time.

No doubt, it would have been better practice had the attorney informed the appellant that he was going to abide with the waiver and present it to the court for approval. The

attorney should have also notified the court that there was some disagreement or at least a question about the agreement. Nevertheless, this was adequately explored at the hearing to set aside the decree.

We do not believe there is any legal requirement that the appellant should have received notice prior to the decree being taken in this case. The waiver which she signed specifically waived issuance of summons, service of summons, and notice of the proceedings to be had in the case. Again, it would have been the best practice to notify the appellant that the appellee was going to ask the court to enter the decree on a date certain.

Well over a month had elapsed from the time appellant had received notice of the filing of the complaint and a copy of the waiver before she seriously addressed this matter. Therefore, it does not appear that appellant used due diligence in her own behalf. We stated in *McCormick* v. *McCormick,* 246 Ark. 348, 438 S.W. 2d 23 (1969), that where one has notice of the pendency of an action for divorce and fails to appear or defend, a motion to vacate will be denied where there is negligence or lack of diligence on the part of the defendant. This is a matter that is within the discretion of the court. Unless excusable neglect or fraud or some other just cause is shown, the courts usually will not set aside a decree granted without notice to the defendant. *Hagen* v. *Hagen,* 207 Ark. 1007, 183 S.W. 2d 785 (1944). Also see *Sariego* v. *Sariego,* 231 Ark. 35, 328 S.W. 2d 136 (1959).

We do not find that the attorney for appellee gave the appellant any advice during the pendency of this action. In fact, on at least two occasions he advised her to secure counsel of her own choosing.

It is true appellee's attorney rushed the case in order to protect his client's rights, but he was looking after his client's best interest. We do not find that the attorney engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, as cited in DR 1-102 of the Code of Professional Responsibility.

We agree with appellant that the attorney representing appellee was under a duty to inform the court appellant had raised some question about signing the waiver. However, there is nothing in the record to indicate it would have changed the course of conduct of the trial. In fairness to the court, this matter should have been presented at the time the decree was entered. But, this matter was thoroughly discussed at the hearing on the motion to vacate the decree, and we feel that the court acted within its discretion.

The reason the separation agreement portion of the waiver document was not entered was because the parties had already completed that portion of the instrument. Appellant had executed a quitclaim deed and received in return a promissory note for her interest in the property as had been agreed between the parties. Nowhere in the proceedings were facts alleged which indicate that the appellee had overreached the appellant or that appellant had not in fact received a fair deal. In appellant's testimony she simply stated she wanted the divorce in her name and she had more than $500 invested in the property. Frequently, people are unable to obtain their investment upon a sale of property in divorce actions. We do now know whether this property was owned by the appellee prior to the marriage or whether there was in fact any equity due the parties in the event of a sale in view of the fact that the marriage lasted less than two years.

We do not think the court erred in denying appellant's motion to set aside the decree. The setting aside of a decree in a divorce action is within the sound judicial discretion of the trial court and will not be reversed in the absence of a clear showing of abuse of discretion. *Jackson* v. *Jackson,* 253 Ark. 1033, 490 S.W. 2d 809 (1973). The burden was on appellant to demonstrate proper cause to set the decree aside. The fact that she had changed her mind is not sufficient to set aside the decree. *Jackson,* supra. Since no valid defense to the divorce was alleged, we think the court was acting within its discretion. *Burnett* v. *Burnett,* 254 Ark. 507, 494 S.W. 2d 482 (1973).

Ordinarily, it would not be proper for an attorney in the

case to testify. However, in the case before us the opposing counsel requested appellee's attorney to testify and opposing counsel waived all confidentiality existing between his client and appellee's attorney.

Affirmed.