IN RE PROPOSED LOCAL RULES FOR FIRST DIVISION PULASKI COUNTY PROBATE COURT IN THE MATTER OF ALL OUT OF STATE ADOPTIONS

84-37                                              682 S.W.2d 452

Supreme Court of Arkansas
Opinion delivered December 3, 1984

*Ray Hartenstein* and *Kaye S. Oberlag*, for petitioners.

*Steve Clark*, Att'y Gen., by: *Elizabeth Dowling*, Asst. Att'y Gen., for respondents.

JOHN I. PURTLE, Justice. Petitioners are practicing attorneys with offices in Pulaski County, Arkansas. They have asked this court to stay enforcement of a local rule adopted by the First and Third Divisions of the Pulaski Probate Court dealing with adoptions. The Judges of the Second and Fourth Divisions of the Pulaski Probate Court declined to join in the enactment of the rule. We granted a temporary stay in order that the arguments could be briefed.

The local rule, adopted pursuant to ARCP Rule 83,[1] was filed with this court and contains the following provisions: 1) the Arkansas Department of Social Services must be informed of the presence of the pregnant mother in this state; 2) in all out of state adoptions, the adopting parents must furnish a home evaluation report from their home state from a state agency charged with the responsibility of placement of children in that state; 3) the local courts will apply the adoption criteria of the adoptive parents' home states; 4) the natural mother must appear before the local court in a separate hearing before any hearing involving the adoptive parents; 5) if the mother of the child to be adopted is less than 18 years of age her guardian must appear for the purpose of giving consent; 6) all expenses of the adoption must be presented at the time of the initial hearing, and only reasonable expenses will be approved; 7) when the mother and adoptive parents have entered into an adoptive agreement, the adoption proceedings should be commenced when the pregnant mother becomes domiciled in this state, a copy of such agreement to be filed of record and notice to be given to the Arkansas Department of Social Services; and 8) the natural mother and prospective parents must file an agreement that if the child is born with defects he will not become a ward of the State of Arkansas and that they are mutually responsible for the care and welfare of the child's future.

---

[1] These rules may from time to time be supplemented by local chancery and circuit courts provided such supplemental rules do not conflict herewith and further provided that such supplemental rules shall not become effective until a copy thereof shall have been filed with the Clerk of the Supreme Court of Arkansas. In all cases not provided by rule, each chancery and circuit court may regulate its practice in any manner not inconsistent with these rules.

Petitioners argue the rule is in conflict with Ark. Stat. Ann. § 56-201 through § 56-221 (1983 Supp.), our Revised Uniform Adoption Act, being Act 735 of 1977, and constitutes judicial legislating in violation of Article 4, Section 2, of the Constitution of Arkansas. The brief of the Attorney General refutes those arguments.

In some respects the provisions of the rule in question do appear to run counter to the Revised Uniform Adoption Act, but in many respects we think the Probate Judge has the inherent power to order the identical steps set out in the rule as a matter of judicial discretion. However, we need not take up the provisions piecemeal, or on their merit, as we have the matter of all local rules under consideration and whether local rules should be retained. For that reason alone we ought to decline at this time to approve a local rule of doubtful necessity, particularly in light of the fact that two of the four divisions involved would be governed by the rule, whereas the remaining two would not, with obvious problems for the practitioner and the litigant. Accordingly the petition for a stay of enforcement of the order is granted.