Paul Gerald CARTER *v.* Terrisa Ann CARTER

90-73                                              792 S.W.2d 597

Supreme Court of Arkansas
Opinion delivered July 16, 1990

*Bill G. Wells*, for appellant.

*Brazil, Clawson & Adlong*, by: *Charles E. Clawson, Jr.*, for appellee.

JACK HOLT, JR., Chief Justice. The appellee, Terrisa Ann Carter, was awarded a divorce from the appellant, Paul Gerald Carter, on September 12, 1989. On appeal, Mr. Carter contends that the chancellor erred in declaring that the proceeds from a personal injury award were marital property.

When we examine a discretionary decision made by a chancellor, the question is not what we would have done, but whether, as a matter of law, discretion was abused — was the judgment call arbitrary or groundless? *Looper* v. *Madison Guaranty Sav. & Loan Ass'n*, 292 Ark. 225, 729 S.W.2d 156 (1987)(citing *Keirs* v. *Mt. Comfort Enterprises et al.*, 266 Ark. 523, 587, S.W.2d 8 (1979), and *Robbins* v. *Guy*, 244 Ark. 590, 426 S.W.2d 393 (1968)). We hold that the chancellor did not abuse his discretion in this case.

The parties were married on February 4, 1986, and they separated on June 30, 1989. Mr. Carter sustained his injury on December 19, 1985, and received $32,050 from a workmen's compensation settlement and $58,627 from a third party settlement in March 1988 for the personal injury. After purchasing several objects with the proceeds of the settlement, Mr. Carter placed the remainder of $25,000 in a joint certificate of deposit with Mrs. Carter.

In his decree of divorce, the chancellor awarded Mrs. Carter "one-half of the contents of any accounts held by the Defendant which represents or contains proceeds from a settlement received in the matter of Carter v. Southwestern Public Service, et al., in the State of New Mexico."

On October 30, 1989, after the time limitation for filing an appeal to the divorce decree had expired, Mrs. Carter filed a petition for citation against Mr. Carter because she had not received her share of the settlement proceeds pursuant to the divorce decree. Mr. Carter, in fact, had withdrawn the amount of the certificate of deposit from the bank and placed $22,000 of the money in another certificate of deposit in his parents' names. The chancellor granted the petition for citation, and a hearing was set for November 28, 1989.

Mr. Carter answered and also filed a petition to set aside the decree, or in the alternative to modify the decree, on November 27, 1989. In his petition, Mr. Carter alleged that a prior property agreement with Mrs. Carter existed, that casualty prevented him from correcting the omission of the agreement from the decree, that his personal injury occurred prior to his marriage, and that the personal injury settlement was for permanent disability and future medical expenses.

At the hearing, the chancellor held that there was "no basis for setting aside any portion of the decree. It does not find fraud; it does not find unavoidable casualty. . . . Mr. Carter has five days to replace [the money in the certificate of deposit] . . ." From the chancellor's denial of his petition, Mr. Carter appeals.

We note, initially, that Mr. Carter was served, by certified mail, the complaint for divorce on July 20, 1989. He did not file an answer or participate in the proceedings and failed to appeal the divorce decree. Instead, Mr. Carter now relies on our rules of civil procedure that allow vacating or modifying a judgment by the trial court if certain grounds are proved. Mr. Carter alleges casualty and fraud in obtaining the judgment; those arguments are grounds for setting aside the judgment after the expiration of ninety-days from the date of the filing of the judgment with the clerk of the court. Ark. R. Civ. P. 60(c). Arkansas R. Civ. P. 60(b) provides, on the other hand, for the relief from a judgment, decree, or order as follows:

> Ninety-Day Limitation. To correct any error or mistake or to prevent the miscarriage of justice, a decree or order of a circuit, chancery or probate court may be modified or set aside on motion of the court or any party, with or without notice to any party, within ninety days of its having been

filed with the clerk.

The decree granting the Carters' divorce was filed on September 12, 1989, and Mr. Carter's petition to set aside the decree, or in the alternative to modify the decree, was filed on November 27, 1989. The chancellor denied Mr. Carter's petition at the November 28, 1989, hearing; consequently, the applicable civil procedure provision is Rule 60(b) rather than Ark. R. Civ. P. 60(c).

We discussed the applicability of Rule 60(b) in *Blissard Management & Realty, Inc.* v. *Kremer*, 284 Ark. 136, 682 S.W.2d 452 (1984):

> For a very long time we have held that a court retains control over its judgments during the term at which they are made. When a judgment is set aside during the term, the parties are put back in the position they were in before the judgment was entered. During the term a judgment remains subject to the plenary control of the court and may be vacated, set aside, modified or annulled upon application or upon the court's own initiative. The power of the courts to modify or set aside a judgment during the term it was entered [now 90 days: ARCP Rule 60(b)] exists as an inherent power and outside of any rule or statute.

(Citations omitted.)

In *McCormick* v. *McCormick*, 246 Ark. 348, 438 S.W.2d 23 (1969) and *Sariego* v. *Sariego*, 231 Ark. 35, 328 S.W.2d 136 (1959)), we noted that "[w]here one has notice of the pendency of an action for divorce and fails to appear and defend, a motion to vacate the decree will be denied where there is negligence or a lack of diligence shown."

The original decree of September 12, 1989, became a final judgment. It was not appealed even though Mr. Carter had actual notice of the action more than seven weeks prior to the time of the decree.

Under these circumstances, the chancellor found no reason to vacate or modify the Carters' original decree, and we cannot say that his finding was an abuse of discretion.

Affirmed.