Cite as 2020 Ark. App. 20

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-19-12

| | |
|---|---|
| DEBBIE DERRICK | Opinion Delivered: January 15, 2020 |
| APPELLANT | |
| | APPEAL FROM THE BAXTER |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 03CV-13-56] |
| DAVID BROWN, MILDRED BROWN, AND WILLIAM DERRICK | |
| APPELLEES | HONORABLE GAIL INMAN-CAMPBELL, JUDGE |
| | DISMISSED WITHOUT PREJUDICE |

**PHILLIP T. WHITEAKER, Judge**

The Baxter County Circuit Court entered judgment in favor of appellees David and Mildred Brown in their breach-of-contract action against appellant Debbie Derrick and her husband, William Derrick. Debbie Derrick appealed. We must dismiss the appeal because we lack a final order.

In 2011, the Browns and the Derricks entered into a contract for the sale of the Browns' bait and tackle shop, Little Cedar Bait and Tackle, inclusive of its goodwill and inventory. The Derricks made a down payment of $20,000 but did not make any subsequent payments pursuant to the terms of the contract. The Browns filed a complaint against the Derricks alleging breach of contract. The Derricks, who were represented by the same counsel, filed separate but identical answers and counterclaims. The Derricks'

counterclaims charged the Browns with breach of contract, contending that the Browns committed the first breach.

The parties proceeded to a bench trial on their respective claims in 2018. Although Debbie Derrick was present for trial, William Derrick was not.[1] The only witness to testify was David Brown, who described the circumstances surrounding the sale of the business and offered his interpretation of the contract language. At the conclusion of the trial, the circuit court ruled from the bench that the Browns should have judgment jointly and severally against the Derricks in the amount of $90,500, plus attorney's fees. On September 11, 2018, the court entered a written order specifically finding that the Derricks breached their contract with the Browns, noting that "the Defendants failed to perform their agreement as required by the terms and conditions of the contract for the sale of the business." The written order did not, however, expressly address or rule on the Derricks' counterclaims.

Debbie Derrick appealed the judgment rendered against her. She timely filed a notice of appeal in which she made it clear that "the party making this appeal is Debbie Followell Derrick, the Defendant." Her notice further contained the statement that she, as

---

[1]William's absence was the subject of a motion for continuance filed by his counsel shortly before trial. In that motion, counsel argued that William had not been in contact with counsel for some time, despite having been sent multiple notices about the pendency of the case. The circuit court denied the continuance, finding that it was William's responsibility to keep in touch with counsel and that the case had been pending for years.

the appealing party, "hereby abandons any pending but unresolved claim." *See* Ark. R. App. P.–Civ. 3(e)(vi). No notice of appeal was ever filed on William's behalf, however.

We cannot reach the merits of Debbie's arguments at this time because we conclude that this appeal does not contain a final order. Whether a judgment, decree, or order is final is a jurisdictional issue that the appellate court has a duty to raise, even if the parties do not, in order to avoid piecemeal litigation. *Wommack v. Ingram*, 2010 Ark. App. 529, at 2; *Mitchell v. Fells*, 2010 Ark. App. 293. When more than one claim for relief is presented in an action—whether as a claim, counterclaim, cross-claim, or third-party claim—the court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. Ark. R. Civ. P. 54(b) (2019). Absent a certificate from the circuit court directing that the judgment is final, "any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties." Ark. R. Civ. P. 54(b)(2).

The circuit court entered a judgment that clearly disposes of the Browns' breach-of-contract action, but it did not address the Derricks' separate counterclaims. Although Debbie's notice of appeal advises that she abandons any pending but unresolved claims, she cannot abandon the claims of another party. *See Ford Motor Co. v. Washington*, 2012 Ark. 354, at 2 (noting that Rule 3 "does not allow an appealing party to dismiss a party

3

from the action by such a statement in a notice of appeal or notice of cross-appeal," and while it "requires appellants and cross-appellants to abandon pending and unresolved claims, . . . it does not permit appellants and cross-appellants to dispose of parties in the same fashion"); *Jenkins v. APS Ins., LLC*, 2012 Ark. App. 368, at 5 ("The fact that Jenkins and D & A abandoned any pending but unresolved claims in their notice of appeal does not provide finality because they cannot abandon APS's claims, only their own.").

Because Debbie cannot abandon William's unresolved counterclaim, we are left without a final, appealable order. We therefore dismiss the appeal without prejudice.

Dismissed without prejudice.

HIXSON and BROWN, JJ., agree.

*J. Downum Law Office, PLLC*, by: *Justin E. Downum*, for appellant.

*Ethredge & Copeland, P.A.*, by: *Johnnie A. Copeland*, for separate appellees Mildred and David Brown.