Cite as 2020 Ark. App. 264

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-19-892

| | | |
|---|---|---|
| DANIEL PLEDGER | APPELLANT | **Opinion Delivered:** April 22, 2020 |
| | | APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT [NO. 03DR–16–355] |
| V. | | |
| STACY PLEDGER | APPELLEE | HONORABLE ANDREW S. BAILEY, JUDGE |
| | | AFFIRMED IN PART; DISMISSED IN PART |

## MIKE MURPHY, Judge

The parties were divorced by default in a decree entered on April 10, 2018. The appellant, Daniel Pledger, appeals that decree, and on appeal he argues that (1) he was entitled to notice of the hearing, (2) the decree was not in the best interest of the parties' minor child, and (3) the court erred when it denied his Rule 60 motion for relief. We do not have jurisdiction to consider the portion of Daniel's appeal that pertains to the underlying order, and we therefore dismiss the same. We do have jurisdiction to consider his Rule 60 argument, and on that point we affirm.

Stacy filed her petition for divorce on August 15, 2016. Daniel was properly served, but he failed to file a timely response. The April 10, 2018 divorce decree divided the parties' property and debts and addressed custody. Daniel argues that he should have received but did not receive notice of the final hearing and that the custody award was not in the child's

best interest. On May 26, 2018, Daniel filed a motion for relief from judgment under Rule 60(a) of the Arkansas Rules of Civil Procedure. The court did not enter an order denying that motion until July 16, 2019.

We must begin by considering a jurisdictional issue that affects the scope of our review of this appeal. There are two relevant notices of appeal before this court.[1] The first notice, filed on May 8, 2018, followed the divorce decree. An amended notice of appeal including the denial of Daniel's Rule 60 motion was then filed on August 9, 2019. Daniel's record for appeal was filed as of November 7, 2019. The motion was not filed within ten days of the entry of the decree, and he did not request any extensions for filing his record. Rule 5(a) of the Arkansas Rules of Appellate Procedure–Civil requires that the record on appeal be filed with the clerk and docketed therein within ninety days from the filing of the first notice of appeal. The timely filing of a record on appeal is a jurisdictional issue for the court, and strict compliance is required. *Cummings v. Cummings*, 2016 Ark. App. 375, at 5, 499 S.W.3d 221, 225. The failure to strictly comply robs the court of jurisdiction to hear the appeal. *Id.*

---

[1]We would like to draw attention to the fact that each one contained the following peculiar statement: "There are pending and unresolved claims as the trial court has NOT certified the finality of the matter pursuant to ARKANSAS RULES OF CIVIL PROCEDURE 54(b)." Having carefully reviewed the record, we have not found any pending but unresolved claims. Furthermore, contrary to counsel's language in the notice of appeal, an order making a final custody determination is final for purposes of appeal. Counsel is cautioned, however, that had this been an issue that was not final, this appeal would be wholly dismissed for lack of finality. *See, e.g.*, *Derrick v. Brown*, 2020 Ark. App. 20. Arkansas Rule of Appellate Procedure–Civil 3 clearly outlines the requirements for a notice of appeal. Counsel is instructed to review this, as well as our other rules, before filing future appeals.

In this case, the record was lodged more than ninety days after the first notice of appeal was filed. Because of this, our court is without jurisdiction to consider the propriety of the April 2018 order. However, the record was timely filed with respect to the second notice of appeal challenging the order that denied the Rule 60 motion. Therefore, we are left with the mere determination of whether the trial court erred in denying Daniel's motion for relief from judgment.

On appeal, Daniel asserts that the circuit court committed reversible error when it denied his motion for relief from judgment. We review a circuit court's actions under Arkansas Rule of Civil Procedure 60 under the abuse-of-discretion standard. *Stautzenberger v. Stautzenberger*, 2013 Ark. 148, at 4, 427 S.W.3d 17, 21. Daniel argues that the decree was entered without notice to him, that the end result was inequitable, and that the custody award was contrary to the best interest of the child.

In *Carter v. Carter*, 303 Ark. 70, 792 S.W.2d 597 (1990), our supreme court held that when one has notice of the pendency of an action for divorce and fails to appear and defend, a motion to vacate the decree will be denied when there is negligence or a lack of diligence shown. *Id*. at 73, 792 S.W.2d at 599. Daniel contended that before the divorce, he and Stacy had been "working well together." In its order denying the motion, the circuit court concluded that the decree should not be vacated because Daniel was negligent and did not demonstrate any diligence when he failed to respond to the divorce action, of which he admittedly had notice.

Daniel further asserts, without citation, that by mere virtue of his lack of appearance in the case, the circuit court erred in making its custody determination. Neither below nor

on appeal does Daniel make any arguments as to how the custody award the court made was not in the child's best interest. Assignments of error that are unsupported by convincing argument or authority will not be considered on appeal unless it is apparent without further research that they are well taken. *Israel v. Oskey*, 92 Ark. App. 192, 201, 212 S.W.3d 45, 51 (2005). On this point, we affirm.

Affirmed in part; dismissed in part.

ABRAMSON and KLAPPENBACH, JJ., agree.

*James E. Hensley, Jr.*, for appellant.

*Blair & Stroud*, by: *Barrett S. Moore*, for appellee.